### BOYD v. SLAYBACK.

### No. 9637; December 17, 1884.

#### 5 Pac. 161.

**Findings—Sufficiency of Description of Deeds.**—Where, in an action concerning real property, there are but two deeds in the case considered, and they are referred to, in the findings and statement on motion for a new trial, as the "short deed" and "long deed," and the findings, evidence, and decree clearly show what property was described in the one known as the "short deed," and that the other deed, called the "long deed," contained a description of the residue of the property in controversy, the reference to them by such names is sufficiently certain.

APPEAL from the Superior Court of San Diego County.

Brunson & Welles for appellant; Chase, Arnold & Hunsaker for respondent.

SHARPSTEIN, J.—The plaintiff alleges in his complaint that on the twenty-third day of April, 1881, Mary B. Taggart duly made, executed and delivered to him two several deeds of conveyance, by one of which she conveyed to him certain described parcels of land, and by the other certain other parcels. According to the complaint, the number of parcels specified and described in one is much greater than the number specified and described in the other. Consequently, much more space is devoted to the description of the several parcels alleged to have been conveyed by one of the deeds than is devoted to the description of the several parcels alleged to have been conveyed by the other. Neither of the deeds was produced at the trial. The first witness examined was the plaintiff in his own behalf. He referred to one of the deeds as "the short deed," and to the other as "the second or larger deed." In the statement on motion for a new trial we find the following:

"Plaintiff here introduced in evidence the notarial record of the witness H. H. Dougherty, as far as the same relates to the acknowledgment of Mary B. Taggart, on the twenty-third day of April, 1881, of the two certain deeds wherein Mary B. Taggart was the grantor, and John B. Boyd was the grantee, description being the same as appears in the decree of the court herein."

Referring to said decree we find that the court adjudged the plaintiff to be the owner of the land described in the deed referred to in the findings as "the short deed," viz., the one which conveyed the least number of parcels of land, and that he had no title, right, or interest in the land described in the other deed. In the first finding of the court, the deed referred to as "the short deed" corresponds with the one so denominated in the decree. Another deed is referred to "as the other of said deeds referred to as the 'long deed.'" There are but two deeds in the case, and the evidence, findings, and decree clearly show what property was described in the one denominated "the short deed," and that the other

deed, denominated "the long deed," contained a description of the residue of the property in controversy. This we think to be sufficiently certain. The evidence as to the execution and delivery of the deed referred to as "the long deed" is not of such a character as would warrant any interference here with the finding of the court below on that question. The findings, as we read them, are not conflicting, and we think there is no error in the instructions given, and none in refusing to give any other. Judgment and order affirmed.

We concur: Thornton, J.; Myrick, J.